# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SENTRY INSURANCE, A MUTUAL COMPANY,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY HAINES, et al.,<br>　　　　　　　　　　　Defendants. | Case No. 08-00329-CV-W-FJG |

## ORDER

Pending before the Court is defendants' Motion to Dismiss (Doc. No. 22) and plaintiff's Motion for Summary Judgment (Doc. No. 30).

**I.　BACKGROUND**

On November 20, 2005, Joshua Kauffman and Timothy Haines were involved in an automobile accident. Haines sued Joshua and his father, Dennis Kauffman, in the Circuit Court of Jackson County, and obtained a state court judgment on November 17, 2008 against both of them for the injuries he sustained in the auto accident. At the time of the accident, Sentry Insurance ("Sentry") provided insurance to KB Machine Shop, Inc., a business owned by Dennis Kauffman, and where Joshua was employed. Sentry provides automobile liability coverage for covered automobiles used in connection with this business. Sentry is seeking a declaration that it had no duty to defend or indemnify the Kauffmans in the state court lawsuit under the insurance policy issued to KB Machine Shop. Sentry argues that the policy does not provide coverage because (1) damages in the Haines's state court judgment do not result from use of a covered auto; (2) neither Dennis Kauffman nor Joshua Kauffman qualify as an insured under the policy; and (3) Sentry did not receive

timely notice of the claim.

Sentry filed the present action on May 5, 2008. On December 16, 2008, Haines filed a garnishment action against Sentry, Sentinel Insurance, and Joshua and Dennis Kauffman in the Circuit Court of Jackson County pursuant to Mo. Rev. Stat. § 379.200 to collect the insurance proceeds owed to the Kauffmans in order to satisfy the state court judgment.[1] Presently before the Court is defendant's motion to dismiss this declaratory judgment action in favor of resolving plaintiff's claims in the garnishment proceeding (Doc. No. 22).

When a pending parallel state action involves the same parties and issues as in a federal declaratory action, the district court has broad discretion to abstain adjudicating the federal action. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008).

> [T]he parallel state court proceeding must present the same issues, not governed by federal law, between the same parties, and the court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether the necessary parties have been joined, whether such parties are amenable to process in that proceeding.

Id. (internal quotations and citations omitted). If a parallel state proceeding is pending, the Supreme Court has noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory suit[.]" Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). The "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

---

[1]This action was removed from the Circuit Court of Jackson County; however, it has since been remanded to state court as of March 11, 2009 (see Haines v. Sentinel Insurance, et al., Case No. 08-981-CV-W-FJG, Doc. No. 24).

2

Defendants argue that this action should be dismissed because the issues raised in Sentry's complaint should be addressed in Haines's garnishment action, which would promote judicial efficiency. Defendant indicates that plaintiff's declaratory action can be fully presented during the garnishment action as an affirmative defense, and the issues presented are governed under state law. Plaintiff responds that this Court is a better forum to adjudicate the central issue in this case (i.e. interpretation of an insurance policy) because the policy is governed by Kansas law. Plaintiff distinguishes cases defendant cites to by stating that the parallel state court proceedings in those cases involved questions of that forum's own law, not another state's law such as in this case. It argues that it would be prejudiced to litigate claims under Kansas law in Missouri state court.

The Court agrees with defendant that the issue of whether coverage exists under the Sentry policy can be effectively presented and adjudicated in the pending garnishment action where all interested parties are joined. See Glover v. State Farm Fire and Cas. Co., 984 F.2d 259, 260 (8th Cir. 1993) (noting that an insurer may raise defenses it would have against its own insured in a garnishment action pursuant to Mo. Rev. Stat. § 379.200). Further, plaintiff does not fully explain why this Court would be better able to analyze claims under Kansas law than a Missouri state court. Plaintiff's argument would carry greater weight if the issue it sought to adjudicate was one under federal law as opposed to state law. That is not the case, however. Plaintiff also does not explain how it would be prejudiced by having a Missouri state court law apply another state's law as opposed to its own law. The Court finds that this distinction is not dispositive of whether to abstain from hearing the declaratory judgment suit.

Faced with a similar procedural posture, the Eighth Circuit found that the district

3

court abused its discretion in adjudicating a declaratory action brought by an insurer seeking to avoid coverage and filed before a state court action seeking to collect on the insurance proceeds. Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872 (8th Cir. 2000). The court noted that the district court's refusal to dismiss or stay the action put it in the position to resolve a split in state law, and permitting the action to proceed "was unnecessarily duplicative and uneconomical" because the same parties and issues were involved in the state action. Id. at 875.

To distinguish Haverfield, Plaintiff relies heavily on Pharmacists Mut. Ins. Co. v. Courtney, 2003 WL 950081, No. 02-0242-CV-W-ODS (Feb. 4, 2003). In Courtney, the court declined to stay the federal declaratory action where a state court garnishment proceeding had been filed. The federal plaintiff was an insurer seeking a declaration that its policy did not provide coverage for its insured, a pharmacist found guilty of diluting numerous customers' prescription medication. Many of the pharmacist's customers filed separate individual suits against him, and one such case had resulted in a verdict for the customer. The customer then filed a garnishment action against the pharmacist and his insurer to collect the insurance proceeds to satisfy the judgment. The federal defendants moved to stay the declaratory action arguing that the issues of coverage could be fully addressed in the garnishment proceeding. In denying this motion, the court noted *inter alia* that the garnishment proceeding only involved one of the numerous customers that had filed suit and had obtained a verdict while the federal action provided an opportunity to adjudicate the coverage issue as to all of the pharmacist's customers, which were joined as defendants.

In this respect, Courtney is distinguishable from the present case. In the

4

garnishment proceeding, Timothy Haines has joined Dennis and Joshua Kauffman, Sentry Insurance, and Sentinel Insurance company as defendants. All interested parties are involved in the state proceeding, and there is no indication that plaintiff will be unable to raise the issues regarding coverage in that action. Furthermore, despite the fact that this case was filed before and may be further along than the state garnishment action, declining to adjudicate the present action in favor of resolution of the issues in the garnishment proceeding would avoid duplicative trials and discovery.

Following a decision to abstain from hearing a declaratory action, the Court has discretion to either dismiss or stay the federal action, although the preferable course is for the Court to stay a declaratory judgment action when the basis for abstention is a parallel state proceeding. Royal Indem. Co., 511 F.3d at 797. However, if the court can see no reason why this action should return to federal court, it is appropriate to dismiss the declaratory judgment action. See Capitol Indem. Corp., 218 F.3d at 875 n.2; Cincinnati Indem. Co. v. A&K Construction Co., 2008 WL 5210931, at *2, No. 07-CV-4133-NKL (W.D. Mo. Dec. 12, 2008) (dismissing, rather than staying, declaratory judgment action in deference to state proceeding because the court could not envision the case returning to federal court and plaintiff had not explained how it could possibly return to federal court). In deciding whether to dismiss the case, a court should consider the "scope of the state proceedings, the possibility of delay or procedural inadequacy in the state proceedings, the possibility that another federal action will be time-barred should the instant suit be dismissed, and any other appropriate factor." U.S. v. City of Las Cruces, 289 F.3d 1170, 1193 (10th Cir. 2002); see also Federal Ins. Co. v. Sprint Corp., 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (holding that dismissal of federal declaratory action was more

5

Case 4:08-cv-00329-FJG   Document 32   Filed 03/13/09   Page 5 of 6

appropriate than a stay because the court "[did] not anticipate a return to federal court or a 'significant possibility of delay or other procedural inadequacy in the state proceedings'").

Here, the Court finds that the scope of the state proceedings is broad enough to fully resolve the coverage defenses that plaintiff seeks to assert in the instant action. See Glover, 984 F.2d at 260 (a garnishment action pursuant to Mo. Rev. Stat. § 379.200 allows insurer to raise coverage defenses against the judgment creditor that insurer would have against its insured). Plaintiff does not indicate that there is a significant possibility of delay or procedural inadequacy in the garnishment proceeding, and there does not appear to be any such risk. Since the state action should effectively moot the claims in the declaratory action, the time-bar concern is not as significant since the Court does not envision this case returning to federal court. For the foregoing reasons, the Court dismisses the plaintiff's complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss (Doc. No. 22) and **DISMISSES** this action without prejudice. The Court **DENIES AS MOOT** plaintiff's Motion for Summary Judgment (Doc. No. 30).

**IT IS SO ORDERED.**

Date: 3/13/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge